**E-Filed 12/14/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TYCO THERMAL CONTROLS LLC,<br><br>         Plaintiff,<br><br>    v.<br><br>REDWOOD INDUSTRIALS, et al.,<br><br>         Defendants.<br><br>ROWE INDUSTRIES, INC.,<br><br>         Counter-Claimant,<br><br>    v.<br><br>TYCO THERMAL CONTROLS, LLC,<br><br>         Counter-Defendant. | Case Number C 06-07164 JF (RS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND COMPLAINT AND FILE SECOND AMENDED COMPLAINT**<br><br>Re: Docket No. 82 |

## I. BACKGROUND

Plaintiff acquired ownership of the subject property, located at 2201 Bay Road in Redwood City, California ("the property"), through a merger with its predecessor, Raychem. First Amended Complaint ("FAC") ¶¶ 1, 2. Plaintiff alleges that between 1965 and 1973, when Hill Industries, also known as Hill Magnetics, Inc., manufactured transformers on the property, "the manufacturing operations involved the use of compounds known as polychlorinated biphenyls ("PCBs"), and other chemicals associated with PCBs...These operations have caused

the discharge of PCBs, dichlorobenzene and trichlorobenzene into the environment." *Id.* ¶ 8. Plaintiff seeks to recover "all investigative costs, response costs and abatement costs it has incurred or will incur in cleaning up and remediating the environmental contamination at the [property]; and for attorney's fees and costs associated therewith." *Id.* ¶ 15.

Pursuant to 42 U.S.C. § 6901, et seq., Plaintiff provided defendant Rowe Industries, Inc. ("Rowe") with notice of its intent to file a Resource Conservation and Recovery Act ("RCRA") claim by certified mail on November 13, 2006. Declaration of Kristine M. Glover ("Glover Dec."), Ex. A. Plaintiff filed its original complaint in this action on November 17, 2006, and then filed the FAC against all defendants on January 15, 2007. The FAC includes eight claims for relief: (1) recovery of response costs under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA") §§ 107(a)(1-4)(B) 42 U.S.C. § 9607(a); (2) contribution under CERCLA § 113(f), 42 U.S.C. § 9613(f)(1); (3) injunctive relief under RCRA, 42 U.S.C. § 6972(a)(1)(B); (4) declaratory relief under federal law; (5) response costs under California Health and Safety Code Section 25300 et seq.; (6) comparative equitable indemnity under state law; (7) declaratory relief under state law; and (8) attorney's fees under California Code of Civil Procedure Section 1021.5.

The last day to complete fact discovery was November 9, 2009, and the final hearing date for dispositive motions is January 29, 2010. On October 29, 2009, Plaintiff moved for leave to amend the FAC and file a second amended complaint ("SAC") adding claims under California law for continuing nuisance and continuing trespass against Rowe, Hill Magnetics, Inc., Hill Industries, Inc., Pacific Transformer Co., and Coleman Cable and Wire Co., and dismissing without prejudice its claim for relief under RCRA. Defendant Rowe, joined by Defendants, Cross-Defendants and Cross-Claimants Carlisle Companies Inc., Carlisle Corporation, Tensolite Company, Redwood Industrials, Roland Lampert and Audrey Lampert (collectively, "Defendants"), opposes the motion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings. The Ninth

2

Case No. CV 06-07164 JF (RS)
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND COMPLAINT
AND FILE SECOND AMENDED COMPLAINT
(JFLC1)

Circuit has held that the rule should be applied with "extreme liberality." *DCD Programs, LTD. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir.1973). However, leave to amend "is not to be granted automatically." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.2002), quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990). Rather, a court must consider whether the proposed amendment (1) would be futile, (2) would prejudice the non-moving party, (3) was brought in bad faith, or (4) resulted from undue delay. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530 (N.D. Cal. 1989), citing *DCD Programs*, 833 F.2d at 186. The Ninth Circuit has "often affirmed the denial of leave to amend when the motion was made after the cutoff date for such motions, or when discovery had closed or was about to close." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 957-58 (9th Cir. 2006), citing *Zivkovic*, 302 F.3d at 1087; *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 983, 986 (9th Cir.1999).

"Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003), citing *DCD Programs*, 833 F.2d at 185. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd.*, 833 F.2d at 187. Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. See *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir.1997). "Delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd.*, 833 F.2d at 186 (citations omitted).

### III. DISCUSSION

Defendants carry the burden of showing why leave to amend should not be granted. *Genentech,* 127 F.R.D. at 530-31. They contend that the proposed amendments: (1) would be futile as to the deletion of Plaintiff's RCRA Claim; (2) would cause them substantial prejudice;

3

and (3) are the result of unreasonable delay.[1]

**A. Futility**

In *Envirowatch, Inc. v. Fukino*, No. 07-00016 SOM -BMK, 2007 WL 1933132 (D. HI June 28, 2007), the court concluded that plaintiff could not cure its untimely provision of notice under RCRA by amending its original complaint to re-allege the same RCRA claim outside of the RCRA statutory waiting period. *Id.* at *3 (reasoning that the court knew of "no case decided after *Hallstrom [v. Tillamook County*, 493 U.S. 20 (1989)] in which the court looked to the amended complaint, rather than the original complaint, in determining whether a plaintiff had satisfied the sixty-day notice provision of a RCRA citizen suit statute when the two complaints contain the same claims"). Here, however, Plaintiff does not seek to amend the FAC to re-allege its RCRA claim but instead moves to withdraw the claim without prejudice, reassert the claim at some future point, and then consolidate both actions before this Court. In *Envirowatch,* the court dismissed the RCRA claim "without prejudice for failure to comply with the jurisdictional sixty-day notice requirement" and indicated that it would not rule then on "whether [plaintiff] may immediately file a new suit under *Hallstrom* or any other case, leaving that matter for consideration in any new action [plaintiff] may commence." *Id.* at 6.[2]

---

[1] Defendants do not assert that the motion has been brought in bad faith.

[2] Plaintiff also contends that there is a split in authority among district courts within the Ninth Circuit. Plaintiff asserts that in *Bugsi, Inc. v. Chevron U.S.A., Inc.*, 857 F.Supp. 1427 (D. Or. 1994), the court held that proper pre-suit notice pursuant to an amended complaint cures inadequate notice provided pursuant to a prior complaint. P. Reply at 6-7. However, as Defendants point out, the *Bugsi* "court's factual and procedural recitation does not make clear whether the causes of action asserted in the amended complaint are the same ones asserted in the original complaint." *Forest Guardians v. U.S. Bureau of Reclamation*, 462 F.Supp.2d 1177, 1185 (D. N.M. 2006). Moreover, *Bugsi* cites *Zands v. Nelson*, 779 F.Supp. 1254 (S.D. Cal. 1991) for the proposition that "jurisdiction may be based on an amended complaint filed more than sixty [or ninety] days after the notice of intent to sue only if the claim requiring sixty-day [or ninety-day] notice is brought for the first time in the amended complaint." *Envirowatch, Inc.*, 2007 WL 1933132, at *4, citing *Zands*, 799 F.Supp at 1258-59 (holding that "[f]or the purposes of a notice and delay provision relating to a new claim which appears for the first time in the pleadings in the amended complaint, the court will look to the filing of the amended complaint to determine when the action is commenced.")

4

Case No. CV 06-07164 JF (RS)
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND COMPLAINT AND FILE SECOND AMENDED COMPLAINT
(JFLC1)

In *Hallstrom*, after holding that non-compliance with RCRA notice provisions deprived it of subject-matter jurisdiction, the Supreme Court concluded that, "the dismissal of this action [will not] have the inequitable result of depriving petitioners of their 'right to a day in court.' Petitioners remain free to give notice and file their suit in compliance with the statute to enforce pertinent environmental standards." *Id.* at 32 (citation omitted). Based on this reasoning, it is far from clear that Plaintiff's withdrawal of its RCRA claim is futile.

**B.  Prejudice**

To overcome Rule 15(a)'s liberal policy with respect to the amendment of pleadings a showing of prejudice must be substantial. *Genentech*, 127 F.R.D. at 530-31. Neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice. *Genentech*, 127 F.R.D. at 530-32; *United States v. Continental Ill. Nat'l Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir.1989). Nonetheless, "[d]istrict courts do not abuse their discretion when they deny motions to amend that would cause undue delay and prejudice." *Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.*, No. C 06-3359 JF (RS), 2009 WL 667171, at *2 (N.D. Cal. Mar. 10, 2009), citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir.1991); *see also Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980, 986 (9th Cir.1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend").

Defendants argue that without further discovery they will be unable to defend the proposed new claims, seek summary judgment prior to the January 29, 2010 dispositive motion hearing deadline, or adequately assess the merits of the new claims prior to the parties' scheduled mediation on December 17, 2009. Plaintiff argues that both of the proposed new claims arise from the same operative facts that have been the subject of discovery from the outset of the instant action. As Defendants point out, trespass involves an element of intent that was not present in the Plaintiff's statutory claims. Even if Plaintiff were to limit its presentation to facts already discovered, Defendants still would suffer prejudice as they would have no opportunity to

5

discover facts that might give rise to potential defenses to the new claims. Permitting additional discovery in turn would delay the proceedings and increase the cost of litigation.³

**C. Delay**

"While delay alone will not justify the denial of leave to amend, *DCD Programs*, 833 F.2d at 186, 'late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.'" *Dong Ah Tire & Rubber Co.,* 2009 WL 667171, at *3, quoting *Acri v. International Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir.1986) (citations omitted). Plaintiff asserts repeatedly that Defendants have no need for further discovery because its nuisance and trespass claims are based upon the same operative facts as its CERCLA and RCRA claims. However, this assertion is an implicit admission that Plaintiff itself has known the alleged facts giving rise to its proposed nuisance and trespass claims since the inception of the action. Under these circumstances, the Court concludes that Plaintiff has unreasonably delayed in seeking to add its nuisance and trespass claims. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (finding undue delay where plaintiff waited nearly fifteen months after ir first learned of facts giving rise to the amendment).

**IV. ORDER**

Good cause therefore appearing, the motion for leave to amend is GRANTED as to Plaintiff's withdrawal of the RCRA claim and DENIED as to the addition of nuisance and trespass claims. The FAC, minus the RCRA claim, shall remain the operative complaint herein.

---

³ Defendants also contend that they will suffer substantial prejudice if the Court permits Plaintiff to withdraw its RCRA claim without prejudice because they plan to move for summary judgment as to the RCRA claim. Defendants claim that Plaintiff's "inten[tion] to file thereafter a new action setting forth the RCRA claim for relief...[and] then...seek to consolidate both actions before this Court," P. Mot. at 7, is an attempted end-run around the notice provision. *Covington v. Jefferson County*, 358 F.3d 626, 636 (9th Cir. 2004) ("Absent compliance with a required notice provision, [the Court] lack[s] subject matter jurisdiction to hear the RCRA claims.") Nothing in this order, however, prevents Defendants from making the same legal arguments if and when Plaintiff re-files its RCRA claim.

**IT IS SO ORDERED.**

DATED: 12/14/09

_____
JEREMY FOGEL
United States District Judge

7

Case No. CV 06-07164 JF (RS)
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND COMPLAINT AND FILE SECOND AMENDED COMPLAINT
(JFLC1)