1
2
3
4
5
6
7
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                  SAN JOSE DIVISION

12

13   TYCO THERMAL CONTROLS LLC,        )        Case No.: C 06-07164 JF (PVT)
                                       )
14                  Plaintiff,         )        **ORDER GRANTING PLAINTIFF**
                                       )        **TYCO'S MOTION TO PROPOUND**
15        v.                           )        **ADDITIONAL DISCOVERY**
                                       )
16   REDWOOD INDUSTRIALS, ET AL.,      )        **[Docket No. 186]**
                                       )
17                  Defendants.        )
     _____)
18

19

20        Plaintiff Tyco Thermal Controls LLC moves to propound additional discovery.  ("plaintiff"

21   or "Tyco").  Defendant Rowe Industries, Inc. opposes the motion.  ("Rowe" or "defendant").

     Pursuant to Civ. L.R. 7-1(b), the motion is taken under submission and the hearing scheduled to be
22
     held on June 15, 2010 is vacated.  Having reviewed the papers and considered the arguments of
23
     counsel,
24
          IT IS HEREBY ORDERED that plaintiff Tyco's motion to propound additional discovery is
25
     granted.[1]
26
          Plaintiff Tyco moves to propound additional discovery related to defendant Rowe's past use
27

28   _____
            [1]      The holding of this court is limited to the facts and particular circumstances underlying
     the present motion.

1   of polychlorinated biphenyls (or PCBs) at an industrial site located at 2201 Bay Road in Redwood

2   City, CA.  (the "site").  Plaintiff Tyco is the current owner of the site and defendant Rowe's

3   predecessors-in-interest (including Hill Magnetics, Hill Industries, Pacific Transformer, and

4   Coleman Cable and Wire Company) manufactured electrical transformers and were prior tenants

5   there.  Their tenancy spanned from 1965 to 1973,  The parties dispute whether defendant Rowe is

6   responsible for PCB contamination at the site.  On December 29, 2009 (and following the discovery

7   cut-off), defendant Rowe produced 300 additional documents.  Plaintiff Tyco alleges that some of

8   the documents reference storms which caused roof leaks and water pooling at the site in the late

9   1960s.  "The leaks and water pooling are potentially relevant to the origin and migration of PCBs at

10  the Site, which is a contested issue between Rowe Industries, Inc. ("Rowe") and Tyco."  Mot. at 3.

11  Specifically, plaintiff Tyco moves to propound additional requests for admissions and

12  interrogatories to Rowe regarding the delivery, storage, use, and disposal of PCBs in light of facts

13  disclosed by the newly produced documents.  Discovery has since closed and plaintiff Tyco has

14  already propounded at least 25 interrogatories on defendant Rowe.  The district court has advised the

15  parties that they may seek additional discovery by agreement or at the discretion of the Magistrate

16  Judge.  ("April 15, 2010 Order").  A trial date has not yet been set.

17          In support of its motion, plaintiff Tyco notes that the district court has allowed for the further

18  deposition of Roland Lampert, the deposition of another Monsanto (now known as Pharmacia

19  Corporation) employee to authenticate certain shipping documents, additional soil tests for PCBs at

20  the site, and the commencement of soil excavation in or around the summer.  Plaintiff Tyco also

21  notes that the April 15, 2010 Order states as follows:

22              Finally, in light if the unknown trial date, late-produced documents,
            newly-discovered facts and recent excavation at the Site, any party
23          may seek additional discovery by agreement or at the discretion of
            Magistrate Judge Trumbull.

24

25  April 15, 2010 Order at 10.

26          Defendant Rowe opposes the motion on the grounds that good cause has not been shown.

27  First, plaintiff should have exercised diligence and propounded this same discovery long ago.

28  Because plaintiff has the burden to prove the CERCLA claim, it could have served the discovery

well-before the discovery cut-off on November 9, 2009.  Second, defendant Rowe states that it has produced "all known relevant documents."  And "[i]t has no known further responsive information or documents to plaintiffs proposed requests, and therefore, none of the requests will lead to relevant evidence."  Opp. at 1.

"A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The court considers the following factors:

> (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

April 15, 2010 Order at 8 (*citing Bleek v. Supervalu, Inc.,* 95 F.Supp.2d 1118, 1120 (D. Mont. 2000), *citing U.S. ex rel. Schumer v. Hughes Aircraft Co.,* 63 F.3d 1512, 1526 (9th Cir. 1995), *cert. granted in part,* 519 U.S. 926, *judgment vacated on other grounds,* 520 U.S. 939 (1997), *citing Smith v. United States,* 834 F.2d 166, 169 (10th Cir. 1987)).  "Whether to reopen discovery rests in the court's sound discretion."  *Id.* (*citing Bleek,* 95 F.Supp.2d at 1120, *citing U.S. ex rel. Schumer,* 63 F.3d at 1526).

As an initial matter, trial is not imminent here.  The prior trial date was vacated and a new trial date has not yet been set.  And although defendant Rowe opposes the motion, it has not shown any prejudice to result from having to respond to the proposed newly propounded discovery. Plaintiff Tyco states that it had previously sought the additional discovery and was stymied by the lack of percipient witnesses.  Indeed, the parties had stipulated to take certain depositions after the discovery cut-off.  Plaintiff Tyco now explains that it seeks to propound written discovery rather than undertake costly (and likely futile) depositions.  Having reviewed the discovery requests, the court finds it likely that the proposed discovery will lead to relevant evidence.  Therefore, plaintiff Tyco has shown good cause to propound the additional discovery.  Accordingly, plaintiff Tyco's motion is granted.  Defendant Rowe shall respond to the discovery within 30 days of service of the

newly propounded discovery.

      IT IS SO ORDERED.

Dated:

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge