1

2          **E-Filed 6/22/2010**

3

4

5

6

7

8

9                    IN THE UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                            SAN JOSE DIVISION

12  TYCO THERMAL CONTROLS LLC,          Case Number C 06-07164 JF (PVT)

13              Plaintiff,              Related Case No. C 10-01606 JF (PVT)

14        v.                           **ORDER[1] GRANTING ROWE'S
                                        REQUEST TO FILE AN
15  REDWOOD INDUSTRIALS, et al.,        UNCONDITIONAL OPPOSITION**

16              Defendants.             Re: Docket No. 210

17  ROWE INDUSTRIES, INC.,

18              Counter-Claimant,

19        v.

20  TYCO THERMAL CONTROLS, LLC,

21              Counter-Defendant.

22

23        On April 23, 2010, Defendants Redwood Industrials, Roland Lampert and Audrey

24  Lampert (collectively, "Redwood") moved for an order approving their settlement with Plaintiff

25  Tyco Thermal Controls, LLC ("Plaintiff") and barring contribution claims, indemnity, and other

26  claims.  The motion was brought pursuant to the Comprehensive Environmental Response,

27  Compensation and Liability Act of 1980, as amended by the Superfund Amendments and

28

_____

[1] This disposition is not designated for publication in the official reports.

Reauthorization Act of 1986, 42 U.S.C. § 9601, *et seq.* ("CERCLA"), the Uniform Comparative Fault Act ("UCFA") and Cal. Code Civ. P. § 877.6.  On May 21, 2010, Carlisle Companies Inc., Carlisle Corporation and Tensolite Company, sued erroneously herein as Tensolite Insulated Wire Pacific Divisions, Inc. and Tensolite Insulated Wire Company, (collectively, "Carlisle") moved for an order approving their settlement with Plaintiff barring contribution and indemnity claims pursuant to the UCFA, and determinating that the settlement is in good faith pursuant to Cal. Code Civ. P. § 877.6.

On June 4, 2010, Defendant Rowe Industries, Inc. ("Rowe")[2] filed a statement of "conditional non-opposition" to both motions.  Rowe conditioned its lack of opposition on the Court's determination that the protections afforded to it as a non-settling defendant under the UCFA extend to the separate but related Resource Conservation and Recovery Act, 42 U.S.C. § 6901 *et seq.* ("RCRA") action that Plaintiff filed against Rowe on April 14, 2010.  Rowe contends that such a determination will protect it against non-apportionment of liability in the RCRA action.

On June 10, 2010, Carlisle and Redwood filed reply papers in which they both adopted Rowe's position that the UCFA should apply to Plaintiff's RCRA action against Rowe.  The next day, Plaintiff filed reply papers opposing application of the UCFA to its outstanding RCRA action against Rowe.  In addition to contending that there is no right to contribution under RCRA, Plaintiff also asserted its position with respect to the appropriate method of apportioning liability under CERCLA.  Plaintiff contends that this Court should adopt a *pro tanto* approach rather than the proportionate share approach proposed by Redwood and Carlisle in their motions for approval of settlement.

Now Rowe has requested leave to file unconditional opposition to the pending motions for good faith settlement.  It explains that it "did not oppose the motions for good faith settlement of the co-defendants *solely* because the settlement agreements mandated, and the settlement

---

[2] In an order dated April 15, 2010, the Court determined that Rowe is the successor-in-interest to Coleman Cable & Wire, Pacific Transformer Company, and in turn the successor-in-interest to Hill Magnetics, Inc., Hill Industries, Inc. Dkt. No. 180 at 2 n. 2.

2

1   motions requested, application of the [UCFA] and its Proportionate Share Method of

2   Allocation."  Rowe's Request for Leave at 2.  Plaintiff opposes Rowe's request asserting that the

3   settlement agreements do not require application of the proportionate share method.

4        The Court has not yet determined whether a proportionate share or *pro tanto* method of

5   allocation applies to the instant action.  However, because this issue first was raised by Plaintiff

6   in its June 11 reply brief, and Rowe has not had the opportunity to brief the issue fully, the Court

7   will grant Rowe's request for leave to file an unconditional opposition brief.  On or before June

8   28, 2010, Rowe shall file a letter brief not to exceed five pages in length addressing the

9   appropriate method of allocation in this action as well as its challenge to the pending motions

10  should the Court adopt the *pro tanto* approach.  Plaintiff and the settling defendants may file a

11  reply, not to exceed five pages in length, on or before July 2, 2010.  The hearing on the pending

12  motions is hereby continued to July 16, 2010.

13  IT IS SO ORDERED.

14  DATED: 6/22/2010

15

16                             JEREMY FOGEL

17                             United States District Judge

18

19

20

21

22

23

24

25

26

27

28

Case No. CV 06-07164 JF (PVT)
ORDER GRANTING ROWE'S REQUEST TO FILE AN UNCONDITIONAL OPPOSITION
(JFLC1)