1
2                      UNITED STATES DISTRICT COURT
3                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
4                            OAKLAND DIVISION
5
6    TYCO THERMAL CONTROLS, LLC,            Case No:  C 06-7164 SBA
                                                      C 10-1606 SBA
              Plaintiff,
7                                           **ORDER GRANTING DEFENDANT**
         vs.                                **ROWE INDUSTRIES, INC.'S**
8                                           **MOTION IN LIMINE TO**
     REDWOOD INDUSTRIALS, LLC., et al.,     **EXCLUDE PLAINTIFF'S**
9                                           **UNDISCLOSED EXPERT**
              Defendants.                   **WITNESSES**
10
                                            Docket 397
11
12
13        The parties are presently before the Court on Defendant Rowe Industries, Inc.'s
14   Motion in Limine to Exclude Plaintiff's Undisclosed Expert Witnesses.  Dkt. 397.  Having
15   read and considered the papers filed in connection with this matter and being fully
16   informed, the Court hereby GRANTS the motion for the reasons set forth below.  The
17   Court, in its discretion, finds this matter suitable for resolution without oral argument.  See
18   Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

19   I.   **BACKGROUND**

20        On November 17, 2006, Plaintiff  Tyco Thermal Controls LLC ("Tyco") filed suit in
21   this Court against Redwood Industries, among others, seeking recovery of remediation
22   costs in connection with contaminated property located at 2201 Bay Road, Redwood City,
23   California.  On January 15, 2007, Redwood filed a First Amended Complaint ("FAC")
24   seeking, inter alia, recovery of response costs and contribution, pursuant to §§ 107(a)(1-
25   4)(B) and 113(f) of the Comprehensive Environmental Response, Compensation and
26   Liability Act of 1980, as amended by the Superfund Amendments and Reauthorization Act
27   of 1986 ("CERCLA"), 42 U.S.C. § 9601, et seq., and injunctive relief under the Resource
28   Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901, et seq.  Dkt. 4.  The FAC

joined Rowe Industries, Inc. ("Rowe") as a party-defendant.  Dkt. 4.  On September 19, 2011, Judge Fogel, who then was presiding over the action, granted summary judgment in favor of Rowe on Tyco's RCRA claim, but denied summary judgment as to its claim under CERCLA.  Dkt. 344.  Tyco and Rowe are the only parties remaining in the action.  Dkt. 233.

On September 28, 2011, the case was reassigned to the undersigned.  Dkt. 347.  On October 19, 2011, this Court issued an Order for Pretrial Preparation, which set December 30, 2011, as the fact discovery cut-off, and December 2, 2011 as the deadline for designation of experts.  Dkt. 356.  The Court warned that: "No expert will be permitted to testify to any opinion, or basis or support for an opinion, that has not been disclosed in response to an appropriate question or interrogatory from the opposing party."  Id.  On December 1, 2011, the Court granted Tyco and Rowe's joint request to extend the expert disclosure deadline to December 9, 2011.  Dkt. 367.  Expert discovery closed on January 27, 2012.  Dkt. 356.

Rowe has now filed a motion in limine to exclude expert testimony from Carmen Santos ("Santos") and Steve Armann ("Armann"), both of whom are employed by the United States Environmental Protection Agency, as well as Leonard Long ("Long") of SCS Engineers and George Reid ("Reid") of GRE & Associates, on the grounds that they were not disclosed by Tyco as experts under Federal Rule of Civil Procedure 26(a)(2).  Dkt. 397.  Tyco counters that all of these witnesses are being offered solely as percipient witnesses, and thus, are not subject to Rule 26(a)(2)'s disclosure requirements.  Dkt. 406.  None of these witnesses were disclosed by Tyco as potential witnesses in its initial disclosures or any supplemental disclosures required under Rules 26(a)(1) and 26(e), respectively.  See Boone Reply Decl. ¶ 3 & Ex. B, Dkt. 420.

## II.   DISCUSSION

Rule 26 governs discovery and the duty to disclose percipient and expert witnesses.  "Percipient testimony—a witness testifying to something they saw, heard, said, or did—is subject only to the minimal disclosure requirements of Rule 26(a)(1)."  Howell v. Centric

1  Group, LLC, No. 09-cv-02299-MSK-CBS, 2011 WL 4499372, at *6 (D. Colo., Sept. 27,

2  2011).  Rule 26(a)(1) requires, among other things, the disclosure of the names and

3  addresses of fact witnesses.  Tribble v. Evangelides, 670 F.3d 753, 759 (7th Cir. 2012).

4  Rule 26(e) requires a party to supplement or correct its disclosure or discovery response if

5  the party subsequently acquires additional and corrective information.  Fed. R. Civ. P.

6  26(e).

7  The disclosure of expert witnesses is governed by subsection (a)(2) of Rule 26.

8  Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 824 (9th Cir. 2011).

9  Retained experts must provide an expert report in accordance with Rule 26(a)(2)(B).  Non-

10  retained experts need not submit an expert report, but the party proffering the witness must

11  disclose:  "(i) the subject matter on which the witness is expected to present evidence under

12  Federal Rule of Evidence 702, 703, or 705; and [¶] (ii) a summary of the facts and opinions

13  to which the witness is expected to testify."  Id. 26(a)(2)(C).  A party must provide its

14  expert witness disclosures "at the times and in the sequence that the court orders."

15  Id. 26(a)(2)(D).  "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at

16  trial of any information required to be disclosed by Rule 26(a) that is not properly

17  disclosed," irrespective of the party's bad faith or willfullness.  Yeti by Molly Ltd. v.

18  Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).

19  Tyco cannot call any of the subject witnesses to offer either fact or opinion

20  testimony.  None of these witnesses were disclosed by Tyco in its initial or any

21  supplemental disclosures, as required by Rules 26(a)(1) and 26(e).  See Boone Reply Decl.

22  ¶ 3 & Ex. B.  Nor did Tyco disclose any of these witnesses as retained or non-retained

23  experts in accordance with Rule 26(a)(2).  Consequently, the testimony of these witnesses

24  is subject to exclusion unless Tyco can show that its failure to disclose is harmless or

25  substantially justified.  See Fed. R. Civ. P. 37(c)(1).  As Tyco has made no such showing,

26  exclusion of these witnesses is appropriate.  See Yeti by Molly Ltd., 259 F.3d at 1107; e.g.,

27  Pickern v. Pier 1 Imports (U.S.), Inc., 457 F.3d 963, 969 n.5 (9th Cir. 2006) ("It is not an

28  abuse of discretion to exclude a party's expert testimony when that party failed to disclose

1  the expert report by the scheduling deadline and that party reasonably could have

2  anticipated the necessity of the witness at the time of the deadline.").   Moreover, given that

3  fact and expert discovery have long since closed, coupled with the imminent trial date, it

4  would be unduly prejudicial to permit the trial testimony of these previously undisclosed

5  witnesses—none of whom Rowe has had the opportunity to depose.

6  **III.**    **CONCLUSION**

7       For the reasons set forth above,

8       IT IS HEREBY ORDERED THAT:

9       1.    Defendant Rowe's Motion in Limine to Exclude Plaintiff's Undisclosed

10  Expert Witnesses is GRANTED.

11      2.    This matter is referred to Magistrate Judge Donna Ryu for a further

12  settlement conference.

13      3.    This Order terminates Docket 397.

14      IT IS SO ORDERED.

15  Dated:  June 29, 2012

16                                        SAUNDRA BROWN ARMSTRONG
                                          United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28