UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TYCO THERMAL CONTROLS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>REDWOOD INDUSTRIALS, LLC,<br><br>    Defendant. | Case Nos. 06-cv-07164 NC<br>             10-cv-01606 NC<br><br>**TENTATIVE RULINGS RE:**<br>**MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 446, 448, 456 |

      Plaintiff Tyco Thermal Control, LLC filed this action against defendant Rowe Industries, Inc., among others, for recovery of response costs and contribution under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 (CERCLA). The parties now move to exclude or admit certain evidence from trial. Dkt. Nos. 446, 448, 456. The Court is scheduled to hold a hearing on the motions in limine on September 26, 2012. The Court tentatively rules on the motions as follows:

      **Rowe's Motion in Limine No. 1:** Rowe's motion in limine to exclude all evidence of damages relating to building demolition and removal.

      Tentative Ruling:

      Denied. The Court finds that whether Tyco's decision to demolish and remove the building on the Subject Property complied with National Contingency Plan (NCP) requirements is a question of fact suitable for trial.

//

**Rowe's Motion in Limine No. 2:** Rowe's motion in limine to admit the Redwood-Coleman release into evidence without calling Marshall Smalls to testify at trial.

Tentative Ruling:

Denied. The Court finds that Rowe must first establish a proper foundation for the admission of the Redwood-Coleman release at trial and that Tyco must be given the opportunity to cross-examine the authenticating witness, here Mr. Small, in order to develop the factual record regarding the release.

**Tyco's Motion in Limine No. 1:** Tyco's motion in limine to preclude Rowe from offering any evidence or argument that (1) Rowe is not the successor-in-interest to the Hill Magnetics, Hill Industries, and Pacific Transformer entities; and (2) liability of harm caused by Hill Magnetics, Inc. should be apportioned to Energy Systems, Inc.

Tentative Ruling:

Granted in part and denied in part. The Court finds that the District Court previously held that Rowe is a successor-in-interest to Hill and therefore this matter has previously been determined. This portion of the motion in limine is granted. As to Rowe's argument that liability for harm caused by Hill Magnetics should be apportioned to third party Energy Systems, this substantive issue has not yet been determined by the Court and is inappropriate for decision by motion in limine and therefore denied.

IT IS SO ORDERED.

Date: September 25, 2012

NATHANAEL M. COUSINS
United States Magistrate Judge

Case Nos. 06-cv-07164 NC,
10-cv-01606 NC
TENTATIVE RULINGS
RE MOTIONS IN LIMINE           2